UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

INFORMD, L.L.C.                                          CASE NO. 17-10579
      DEBTOR                                          CHAPTER 7


MARTIN A. SCHOTT
      PLAINTIFF

VERSUS                                                   ADV. NO. 18-1025

SHELLEY S. MASSENGALE, *ET AL.*
      DEFENDANTS


**PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW[1]**

      Matthew Skellan and Skellan Medical, L.L.C. ("Movers") have moved to dismiss[2] the

First Amended and Restated Complaint for Damages filed by Martin A. Schott, bankruptcy

trustee of the estate of InforMD, LLC (the "Trustee" and "InforMD," respectively).

**Relevant Procedural Background**

      The plaintiff as the chapter 7 trustee of debtor InforMD sued Shelley S. Massengale;

Mickey J. Guidry; Jesse Daigle; Ryan Forsthoff; Matthew Skellan; C-Squared Management,

L.L.C.; IRC Consulting of Louisiana, L.L.C.; Executive Development Advisors, L.L.C.; and

Skellan Medical, L.L.C.  The District Court on the defendants' motion[3] withdrew the reference of

---

[1] These proposed findings and conclusions are submitted pursuant to 28 U.S.C. §157(c)(1); *see also* Fed. R. Bankr. P. 9033.

[2] Motion to Dismiss [P-77; Case no. 18-cv-759, P-54, United States District Court, Middle District of Louisiana ("U.S.D.C., M.D.La.")].

[3] Motion to Withdraw Reference [P-25].

the adversary proceeding in September 2018.[4]  Thereafter Movers moved to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement ("First Motion").[5]

The District Court granted Movers' First Motion in part and denied it in part.  It dismissed without prejudice Count I of the complaint for breach of duty of care and loyalty, Count II for fraud and conspiracy to commit fraud and Count III for receipt of payments not due.[6]  The District Court also granted Trustee leave to provide a more definite statement by filing an amended complaint.[7]

After ruling on the several motions to dismiss, the District Court reconsidered its order granting withdrawal of the reference and referred this proceeding back to the Bankruptcy Court for all pretrial and discovery matters.[8]

Movers now again seek dismissal of the amended complaint ("Second Motion") as to Count II which alleges fraud and conspiracy to commit fraud, but with prejudice.[9]

### Applicable Standard for Motion to Dismiss

In deciding the Second Motion, this court applies the same standard as the District Court in ruling on the First Motion:[10]

---

[4] Order on Motion to Withdraw Reference [Case no. 18-cv-759, P-4, United States District Court, Middle District of Louisiana ("U.S.D.C., M.D.La.")].

[5] First Motion to Dismiss [Case no. 18-cv-759, P-22, U.S.D.C., M.D.La.].

[6] Ruling and Order dated 9/27/19 [Case no. 18-cv-759, P-50, U.S.D.C., M.D.La.].

[7] Amended Complaint [P-88; Case no. 18-cv-759, P-51, U.S.D.C., M.D.La.].

[8] Ruling and Order dated 6/29/20 [Case no. 18-cv-759, P-65, U.S.D.C., M.D.La.].

[9] Second Motion to Dismiss [P-77; Case no. 18-cv-759, P-54, U.S.D.C., M.D.La.].

[10]  Ruling and Order dated 9/27/19, p. 9-10 [Case no. 18-cv-759, P-50, U.S.D.C., M.D.La.].

In *Johnson v. City of Shelby, Miss*., 135 S. Ct. 346 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. at 346-47 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009) (quoting Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)).

Applying the foregoing jurisprudence, the Western District of Louisiana stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.,* No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.,* 764 F.3d 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted." *Id.* at 503. [11]

## Count II: Fraud and Conspiracy to Commit Fraud

Movers take aim again at Count II of the amended complaint, which alleges fraud by omission.  They argue that the amended complaint does not allege facts regarding "the place in which the omissions should have appeared, and the way in which the omitted facts made representations misleading" to pass muster under *Carroll v. Fort James Corp.*[12]  They argue for dismissal of Count II of the amended complaint with prejudice pursuant to Fed. R. Civ. P. 9(b), under *Carroll* and the other authorities the District Court applied in ruling on the First Motion:[13]

Generally, a plaintiff's complaint will survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the complaint plausibly states a claim for relief, assuming its factual allegations are true. *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund v. Diodes, Inc.,* 810 F.3d 951, 956 (5th Cir. 2016) (citing *Ashcroft,* 556 U.S. at 678); *see also, Bell Atlantic,* 550 U.S. at 570. However, when the complaint involves a fraud allegation, Federal Rule of Civil Procedure 9(b) requires a higher pleading standard.

Specifically, the plaintiff must plead "with particularity the circumstances constituting fraud."  Fed. R. Civ. Pro. 9(b). The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) "strictly[,] requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v TXU Corp.,* 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177 (5th Cir. 1997); *Nathenson v. Zonagen, Inc.,* 267 F.3d 400, 412 (5th Cir. 2001)). In short, plaintiffs must plead enough facts to illustrate "'the who, what, when, where, why and how' of the alleged fraud." *Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel.*

[11]  Ruling and Order dated 9/27/19, p. 9-10 [Case no. 18-cv-759, P-50, U.S.D.C., M.D.La.].

[12] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).

[13]  Ruling and Order dated 9/27/19, p. 21-23 [Case no. 18-cv-759, P-50, U.S.D.C., M.D.La.].

*Thompson v. Columbia/HCA Healthcare Corp.,* 125 F.3d 899, 903 (5th Cir. 1997)).

However, fraud by omission claims are by nature difficult to plead with particularity. *First Am. Bankcard [v. Smart Bus. Tech, Inc.,* 178 F. Supp. 3d [390,] 402 [E.D. La. 2016]. The Fifth Circuit has adopted a somewhat more relaxed standard for such cases: "'In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.'" *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F. 3d 370, 381 (5th Cir. 2004)).

Additionally, under Louisiana law, claims of fraud by silence or omission first require a duty to disclose. There is no general duty to disclose in Louisiana law, but there may be a duty to disclose when there is a fiduciary relationship between the parties. *First Am. Bankcard,* 178 F. Supp. 3d at 401. A fiduciary relationship is a relationship where "confidence is reposed on one side and there is resulting superiority and influence on the other." *Id.* The defining characteristic in a fiduciary relationship "is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor." *Plaquemines Parish Comm'n Council v. Delta Dev. Co.,* 502 So. 2d 1034, 1040 (La. 1987). Louisiana courts tend to recognize a duty to speak in situations where the "failure to disclose would violate a standard requiring conformity to what the ordinary ethical person would have disclosed." *First Am. Bankcard*, 178 F. Supp. 3d at 401 (quoting *Bunge Corp. v. GATX Corp.,* 557 So. 2d 1376, 1383 (La. 1990)).

Conspiracy to commit fraud is not an independent cause of action in Louisiana. *Agrifund, LLC v. Radar Ridge Planting Co.,* 52,432 (La. App. 2 Cir. 7/17/19), *reh'g denied*, 52,432 (La. App. 2 Cir. 8/27/19) ("An independent cause of action for civil conspiracy does not exist in Louisiana; rather, the actionable element is the intentional tort that the conspirators agreed to commit or committed, in whole or part, causing the plaintiff's injury."). Instead, if a plaintiff can show that "(1) an agreement existed to commit an illegal or tortious act; (2) the act was actually committed; (3) the act caused the plaintiff's injury; and (4) there was an agreement as to the intended outcome or result" then the plaintiff is entitled to recover *in solido* for the damage caused by the act. *Agrifund, LLC v. Radar Ridge Planting Co.,* 52,432 (La. App. 2 Cir. 7/17/19), *reh'g denied,* 52,432 (La. App. 2 Cir. 8/27/19). However, the actionable element is not the conspiracy but is instead the fraud which the conspirators agreed to perpetrate. *Id.; see* La. Civ. Code art. 2324. [14]

---

[14]  Ruling and Order dated 9/27/19, p. 21-23 [Case no. 18-cv-759, P-50, U.S.D.C., M.D.La.].

Movers maintain that the amended complaint still does not "add susbstance to its conclusory allegations."[15]

> More specifically, the Amended Complaint fails to set forth what disclosures Mr. Skellan should have made and how those omissions were misleading. Lastly, the Amended Complaint does not identify any specific affirmative misrepresentation or detail the 'who, what, where, when [,] why and how' as it pertains to Skellan.[16]

Trustee contends in his opposition that the defendants should have disclosed unearned funds each time they received them and each time financials were provided to owners.[17] However, Trustee did not add any specific factual allegations of who, where, when and why to the Amended Complaint.

The District Court's ruling dismissing Count II of the original complaint noted that the "Trustee … fails to allege facts regarding "the place in which the omissions should have appeared, and the way in which the omitted facts made representations misleading.""[18]  Trustee's First Amended and Restated Complaint was his opportunity to cure that deficit.  Proof of fraud by omission may be more difficult to plead than an affirmative misrepresentation, but Judge deGravelles took that into account in his ruling dismissing this count of the original complaint, giving the Trustee a second chance at bat with a roadmap courtesy of the Fifth Circuit in *Carroll v. Fort James Corp.*[19]  The amended complaint still does not allege sufficient facts to satisfy the

---

[15] Movers' Memorandum in Support of Motion to Dismiss, p. 5 [P-77; Case no. 18-cv-759, P-54, Exhibit 1, U.S.D.C., M.D.La.].

[16] *Id.*

[17] Trustee's Opposition to Motion to Dismiss, p. 2 [P-80; Case no. 18-cv-759, P-60, U.S.D.C., M.D.La.].  Trustee does not specifically mention Movers in his Opposition.

[18] Ruling and Order dated 9/27/19, p. 24 [Case no. 18-cv-759, P-50, U.S.D.C., M.D.La. (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).].

[19] 470 F.3d 1171 (5th Cir. 2006).

question of "when and where" Movers should have disclosed the alleged omissions, all necessary for pleading fraud by omission under Fed. R. Civ. P. 9(b).

Moreover, as the District Court noted in its original ruling dismissing the original complaint as to Count II, under Louisiana law, conspiracy to commit fraud is not an independent cause of action but depends on the underlying fraud. Fraud is an essential element of conspiracy to commit fraud.[20] Because the amended complaint does not adequately plead fraud, the Trustee's claim of conspiracy to commit fraud also fails.

### Deadline to Answer the Amended Complaint

Movers request fourteen days after entry of these proposed findings of fact and conclusions of law in which to respond to the amended complaint. Although Fed. R. Civ. P. 12(a)(4)(B) provides that the response to a more definite statement, like the amended complaint, must be served within 14 days, the majority of courts allow an extension of the deadline to respond when the defendants have filed partial motions to dismiss.[21] In accord with the majority practice, Movers should be allowed fourteen days from entry of these proposed findings of fact and conclusions of law to respond to the amended complaint.

---

[20] *Agrifund, LLC v. Radar Ridge Planting Co.,* 52,432 (La. App. 2 Cir. 7/17/19), *reh'g denied*, 52,432 (La. App. 2 Cir. 8/27/19).
[21] Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, 5B Fed. Prac. & Proc. Civ. § 1346 (3d ed. 2020).

**Proposed Conclusion**

The District Court should dismiss Count II of Trustee's amended complaint against

Matthew Skellan and Skellan Medical, L.L.C. Movers should be allowed fourteen days from

entry of these proposed findings of fact and conclusions of law to respond to the amended

complaint.

Baton Rouge, Louisiana, September 22, 2020.

<u>**s/ Douglas D. Dodd**</u>
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE